**E-FILED on** __11/16/09_____

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES O. ALBERTSON, | No. C-08-05441 RMW |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE TO SOUTHERN DISTRICT OF CALIFORNIA |
| MONUMENTAL LIFE INSURANCE COMPANY, GLOBE LIFE & ACCIDENT INSURANCE COMPANY, and Does 1-10, inclusive, | **[Re Docket No. 32]** |
| Defendants. | |

Defendant Monumental Life Insurance Company moves to transfer venue to the Southern District of California for the convenience of the parties and in the interest of justice pursuant to 28 U.S.C. § 1404(a).  Plaintiff James O. Albertson opposes the motion.  Having considered the arguments and papers submitted by the parties, and for good cause appearing for the reasons set forth below, the court grants the motion.

## I.  BACKGROUND

This case involves an accidental death insurance policy issued to Luis Placensia by Monumental Life Insurance Company that names plaintiff James O. Albertson as its beneficiary. The transactions giving rise to this policy all apparently occurred in San Diego.  (Mot. 6.)  Placensia

ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE TO SOUTHERN DISTRICT OF CALIFORNIA—No.
C-08-05441 RMW
DWR/ter

**United States District Court**
For the Northern District of California

1  was a Mexican national who apparently lived either in Tijuana, or somewhere in or around San

2  Diego.  (Mot. 6, Exh. 3.)  Placensia died in Tijuana, Mexico on December 6th, 2005.  (Mot. Exh. 3.)

3  Placensia's death certificate states that he died naturally of cardio-respiratory arrest, septic shock,

4  septisemia, and intestinal obstruction.  (Mot. Exh. 3.)  Albertson claims that defendant died of

5  accidental food poisoning, and therefore that Placensia's death is covered under the policy.

6  Defendant argues, among other things, that Albertson cannot recover under the policy because

7  Placensia's death was caused by sickness and was not an accident.  (Def.'s Ans. 3.)

8          These issues were also raised in a previous case brought in the Southern District of

9  California, *Fidelity & Guaranty Life Insurance Company v. Albertson*, No. 07-CV-0045.  That case

10  involved another insurer and another accidental death policy and the issue presented was whether

11  Placensia's death was accidental.  The District Court granted partial summary judgment in favor of

12  the insurer on the record before the court.  Thereafter, the *Fidelity & Guaranty* case settled and was

13  dismissed.  (Pl.'s Opp'n Exh. A-E.)  Apparently at some point after the events relevant in this case,

14  Albertson moved from San Diego or surrounding areas to the Northern District of California.  (Mot.

15  6, 7.)  Albertson then filed this suit against defendants Monumental Life Insurance Company and

16  Globe Life & Accident Insurance Company in the Northern District of California on December 3,

17  2008.  Defendant Globe Life & Accident Insurance Company was dismissed from this action on July

18  17, 2009, leaving Monumental Life Insurance Company as the only defendant in this case.

19          Monumental Life moves to transfer venue to the Southern District of California.

20                                         **II.  ANALYSIS**

21          28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest

22  of justice, a district court may transfer any civil action to any other district or division where it might

23  have been brought."  In ruling on a motion to transfer, a court may consider such factors as: (1) the

24  plaintiff's choice of forum, (2) convenience to the parties, (3) convenience to the witnesses, (4) ease

25  of access to the evidence, (5) familiarity of each forum with the applicable law, (6) the feasability of

26  consolidation with and relationship to other claims, (7) any local interest in the controversy, and (8)

27  the relative court congestion and time of trial in each forum.  *Jones v. GNC Franchising*, 211 F.3d

28  495, 498-99 (9th Cir. 2000).

**United States District Court**
For the Northern District of California

1   Section 1404(a) limits transfer to courts where the action may have been brought originally.

2   *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960).  The transferee court must: (1) be able to exercise

3   personal jurisdiction over the defendants, (2) have subject matter jurisdiction over the claim, and (3)

4   be a proper forum.  *Id.*  In the present case, both forums are within the state of California, and parties

5   do not contest that venue is proper in either forum.

6   ### A.   Plaintiff's Choice of Forum

7   Albertson argues that his choice of forum should be given "substantial deference" and that

8   defendant is unable to meet its burden of establishing that a transfer is warranted as against this

9   deference.  (Pl.'s Opp'n 7.)  Defendant argues that Albertson's choice of forum should be given

10  diminished weight because all of the events giving rise to this case occurred in the Southern District

11  of California or Tijuana, Mexico, and Albertson's only contact with this district is that Albertson has

12  recently moved to this district after all of the events in this case occurred.  (Def.'s Mot. 7.)

13  Defendant suggests that plaintiff filed suit in Northern California to avoid the same adverse result he

14  encountered in the Southern District of California.  *Id.*

15  Although Plaintiff's choice of forum should rarely be disturbed, *Hartland v. Alaska Airlines*,

16  544 F.2d 992, 998 n.2 (9th Cir. 1976), the weight assigned to the plaintiff's choice is diminished

17  when none of the operative facts in the case occurred within the forum.  *Pacific Car & Foundry Co.*

18  *v. Pence*, 403 F.2d 929, 954 (9th Cir. 1968); *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 990

19  (E.D. N.Y. 1991).

20  In this case, Albertson has only recently moved to the Northern District.  Beyond that, the

21  Northern District has no interest in the case because all of the operative facts occurred in the

22  Southern District.  Albertson does not appear to have any compelling arguments for why it would be

23  inconvenient for Albertson to have had this suit brought in the Southern rather than Northern District

24  of California beyond concern for the prior unfavorable decision rendered in that district.  Therefore,

25  the court agrees that this factor should be given only modest weight.

26  ### B.   Parties' Convenience

27  Albertson argues that there is a minimal difference in convenience between the Northern and

28  Southern Districts for parties, especially because most of the discovery has already occurred.  (Pl.'s

ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE TO SOUTHERN DISTRICT OF CALIFORNIA—No.
C-08-05441 RMW
DWR/ter                                      3

1   Opp'n 7.)  Defendant does not contest this, and the court agrees.  This is not a compelling factor

2   justifying or opposing a transfer of venue.

3           **C.**      **Convenience to the Witnesses**

4          Defendant argues that the convenience of witnesses is a compelling reason to have this case

5   heard in the Southern rather than Northern District because all non-party witnesses are in or near the

6   Southern District, and because it is more likely that international citizens that are not subject of

7   compulsory process will be willing to come to the Southern District.  (Mot. 6-7; Def.'s Reply 3-4.)

8   Albertson responds that it is not an unreasonable burden to require the parties to bring their

9   witnesses to the Northern District.  (Pl.'s Opp'n 8.)  With respect to the compulsory process issue,

10  Albertson appears to argue that this is "not a legitimate issue in this case" because it is easy to

11  transport witnesses between the Northern and Southern Districts.  *Id.*  Defendant's argument is

12  persuasive.

13         As uncontested by both parties, all witnesses in this case are either in San Diego, California,

14  or in Tijuana, Mexico, across the border from San Diego.  Defendant makes a reasonable argument

15  that it could be harder to persuade Mexican citizens to travel to the Northern District to be a witness

16  in a lawsuit.  This is of concern because neither district has compulsory process that can mandate

17  that these foreign residents be brought before the court, and as defendant argues, it may be easier to

18  persuade witnesses who reside in Mexico to travel the short distance to testify in the Southern

19  District.  (Mot. 6.)  Therefore, although Albertson is correct that distance in itself is not sufficient to

20  show inconvenience, *see Koster v. (American) Lumbermens Mut. Cas. Co*, 330 U.S. 518, 524

21  (1947), the lack of compulsory process means that the Southern District's proximity to Tijuana is a

22  factor supporting the transfer to the Southern District.  *See Piper Aircraft Co. v. Reyno*, 454 U.S.

23  235, 258-59 (1981) (holding that the district court properly considered the lack of compulsory

24  process a relevant factor in deciding a motion to dismiss on the grounds of forum non conveniens).

25          **D.**      **Ease of Access to the Evidence**

26         Defendant argues that beyond the lack of compulsory process described above, the ease of

27  access to evidence is not a substantial concern in this case.  (Mot. 7.)  Albertson argues that this is

28  not an issue in this case (Pl.'s Opp'n 8-9).  This factor does not weigh in favor of either party**.**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

1    **E.    Familiarity of Each Forum to the Applicable Law**

2    Both forums are equally familiar with the applicable law.  This is not a relevant factor in this

3    particular case.

4    **F.    The Relationship With Other Claims**

5    The parties have not specified other claims with which this case could be consolidated.

6    However, this case involves nearly identical witnesses, facts, and issues as those involved in a prior

7    case handled by Judge Anello in the Southern District of California.  (Mot. 8; *see also* Mot. Exh. 1.)

8    Albertson argues that collateral estoppel and res judicata issues should not be considered here

9    because there was no final judgment on the merits in that case in front of Judge Anello.  (Pl.'s Opp'n

10   3-6.)  Albertson misunderstands the thrust of this factor's relevance.

11   Courts generally avoid the re-litigation of previously decided issues.  *Reiffin v. Microsoft*

12   *Corp.*, 104 F. Supp. 2d 48, 52-54 & n.10 (D.D.C. 2000).  The fact that an issue would have to be re-

13   litigated in one forum after having already been considered in a different forum is a strong public

14   factor in favor of transfer because the transfer conserves judicial resources and expedites the

15   decision-making process.  *Id.* at 55.  This is particularly true in cases where the choice of the second

16   forum may be motivated by forum shopping.  *Id.* at 53 n.12.

17   Under the local rules for the Southern District of California, related cases will be assigned to

18   the judge who handled the related case with the lowest number.  S.D. Cal. Civ. R. 40.1(e), (h).

19   Judge Anello in the Southern District is already familiar with the facts and legal issues in this

20   case.  On February 20, 2009, Judge Anello held a hearing for several motions for summary judgment

21   in a case involving the same facts, and involving Albertson as a defendant and counter-claimant.

22   (Mot. Exh. 1.)  In making his decision, Judge Anello has already determined that there is no material

23   question of fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321 (1986).  Judge Anello

24   reviewed all the facts in the case, and made all reasonable inferences in favor of the nonmoving

25   party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Regardless of

26   whether collateral estoppel applies in this case, Judge Anello already has considered the facts and

27   legal issues in this case in detail and would likely be assigned this case upon transfer to the Southern

28   District under the Southern District Local Rules.  S.D. Cal. Civ. R. 40.1(h).

**United States District Court**
For the Northern District of California

1   Albertson's choice of forum appears to be at least in part motivated by a desire to avoid Judge

2   Anello's prior unfavorable ruling.  Albertson dedicates three full pages of his brief to encouraging

3   the court to agree with Albertson that Judge Anello's prior decision on similar factual issues

4   improperly failed to consider several factual contentions.  (Pl.'s Opp'n 3-6.)   Albertson offers no

5   significant reason, other than "plaintiff's choice," for keeping the action in the Northern District.

6   Therefore, this factor weighs strongly in favor of granting the motion to transfer.  *Reiffin*, 104 F.

7   Supp. 2d at 55.

8               **G.      Local Interests in the Controversy**

9   Defendant argues that the Northern District has no local interest in this controversy because

10  all of the relevant events occurred in the Southern District and Albertson was a resident of the

11  Southern District during the relevant time period.  (Mot. 6.)  Albertson has not specifically contested

12  this, but does suggest that there is a local interest because Albertson is now a resident of this district.

13  (Pl.'s Opp'n 7.)  This factor weighs in favor of keeping this case in this district, but not dispositively

14  so.

15              **H.      Court Congestion and Trial Time in Each Forum**

16  Albertson argues that this case should remain in this district because the Southern District as

17  a whole hears more cases per year, and had an increase in its caseload in 2008.  (Pl.'s Opp'n 9.)

18  Defendant argues that each individual judge in the Southern District had about half the caseload of

19  each judge in the Northern District, weighted filings are greater in the Northern District, and that the

20  time from filing to trial in the Northern District is typically about five months longer.  (Def.'s Reply

21  4.)  Although the Northern District caseload is heavier to some degree, the court is not persuaded

22  that this factor makes a material difference in this case.  At best, it weighs slightly in favor of a

23  transfer.

24                          **III. CONCLUSION**

25  After weighing all of the factors, although the plaintiff's choice of forum does deserve

26  deference, in this case the increased likelihood of witnesses coming before the court in the Southern

27  District and, most importantly, the relationship between the present claims and the prior case

28  brought before Judge Anello are persuasive reasons for transferring this case to the Southern

ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE TO SOUTHERN DISTRICT OF CALIFORNIA—No.
C-08-05441 RMW
DWR/ter                                                          7

United States District Court
For the Northern District of California

1   District.  Venue is proper in the Southern District, and the court grants defendant's motion to

2   transfer.[1]

3                                    **IV.  ORDER**

4           For the foregoing reasons, the court grants defendant's motion to transfer venue to the

5   Southern District of California.

6

7   DATED:          11/13/09                    _Ronald M Whyte_

8                                    RONALD M. WHYTE
                                    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   ─────────────────────
[1]  In its reply, defendant also objects to several exhibits plaintiff attached to his reply brief.  Because
28   the court had no need to consider any of these exhibits in deciding this motion, the court does not
     address defendant's objections.

ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE TO SOUTHERN DISTRICT OF CALIFORNIA—No.
C-08-05441 RMW
DWR/ter                                    8

1

**Notice of this document has been electronically sent to:**

2

**Counsel for Plaintiff:**

3

Melbourne Brady Weddle          MelbourneW@msn.com

4

5

**Counsel for Defendants:**

6

Catherine T.S. Gregory          catherine.gregory@wilsonelser.com

7

Laura E. Fannon          laura.fannon@wilsonelser.com

8

Sean Patrick Nalty          sean.nalty@wilsonelser.com

9

10

Counsel are responsible for distributing copies of this document to co-counsel that have not

11

registered for e-filing under the court's CM/ECF program.

12

13

**Dated:**   ___11/16/09_____          _____TER_____

14

**Chambers of Judge Whyte**

15

16

17

18

19

20

21

22

23

24

25

26

27

28